**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH DAKOTA**

| | |
|---|---|
| IN RE:<br><br>HEPAR BIOSCIENCE LLC,<br>TAX ID#: 74-3230210<br><br>DEBTOR. | CASE NO. 15-40057<br><br>CHAPTER 11<br><br>UNITED STATES TRUSTEE'S<br>OBJECTION TO DEBTOR'S MOTION TO USE<br>CASH COLLATERAL AND REPLACEMENT LIEN |

The United States Trustee hereby raises the following objection to Debtor's Motion for Authorization to Use Cash Collateral, and Replacement Lien (hereafter "Motion"). For his objection, the United States Trustee alleges as follows:

1. Debtor commenced this case by the filing of a voluntary petition under chapter 11 on February 20, 2015.

2. In the Motion, Debtor seeks to use cash collateral under terms set out therein. In its Motion, Debtor requests authorization to use cash collateral as set forth in its attached Exhibits for the period of May 01, 2015 through June 30, 2015 for the purpose of maintaining the operation of its business. Debtor further proposes granting Northwest Bank of Sioux City, IA ("Northwest") a replacement lien during that period for the use of cash collateral on all post-petition receivables to the extent such collateral is used.

3. On or about March 11, 2015, Northwest filed its Proof of Claim ("Claim Number 2"). The attached pre-petition loan documentation to Claim Number 2 includes several commercial security agreements, securing all obligations owing from Northwest

1

to Debtor. The agreements grant Northwest a security interest and liens upon assets more fully described on page 22 of Claim Number 2. All agreements contain the same collateral description.

4. While the commercial security agreements between Debtor and Northwest set forth an extensive list of described collateral, nowhere do said agreements include livestock or proceeds to livestock.

5. It is upon information and belief, and therefore alleged, that the proposed replacement lien to Northwest would include Debtor's ownership of buffalo livestock.

6. Notwithstanding Debtor's assertion that Northwest holds a "perfected lien possession on primarily all of Debtor's business assets," it is the position of the United States Trustee that buffalo does not constitute a business asset of Debtor. The United States Trustee objects to granting Northwest a replacement lien to the extent the lien covers collateral described as livestock or proceeds of livestock, more specifically buffalo. Because this asset is not covered by the commercial security agreements, the granting of such a lien would allow Northwest a preferred creditor status, thus causing a detriment to the estate and the priority and general unsecured creditors.

7. Giving Northwest additional collateral improperly seeks to improve its security position post-petition.

8. Debtor's Motion fails to sufficiently explain why the replacement lien on previously unsecured collateral is necessary to provide adequate protection pursuant to 11 U.S.C. § 361, Rule 4001 and Local Rule 4001-2.

3

WHEREFORE, the United States Trustee respectfully requests the Court deny the Motion, and for such other relief the Court deems just and equitable in the premises.

**DANIEL M. MCDERMOTT**
UNITED STATES TRUSTEE
REGION 12

Dated: April 10, 2015                    By:/s/ L. Ashley Zubal
**L. Ashley Zubal**
Trial Attorney
314 S. Main Avenue, Suite 303
Sioux Falls, SD 57104
Tel: (515) 323-2269 / Fax: 284-4986
E-mail: Ashley.Zubal@usdoj.gov